OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Thomas A. South, Sr., appeals from the trial court's decision to impose the maximum sentence upon him following his convictions for rape and attempted rape.
In 1997, the Portage County Grand Jury indicted appellant on twelve counts of rape, in violation of R.C. 2907.02, and seven counts of felonious sexual penetration, in violation of R.C. 2907.12. The charges alleged that appellant had used force or the threat of force to engage in sexual relations with three different children under the age of thirteen.
Appellant eventually entered into a plea bargain whereby he agreed to plead guilty to one count of rape with the force specification deleted and to two amended counts of attempted rape, in violation of R.C.2907.02(A)(1)(b) and 2923.02. The trial court accepted appellant's guilty pleas, entered a nolle prosequi with respect to the remaining charges, and referred appellant to the probation department for a presentence investigation report.
During the subsequent sentencing hearing, the trial court ordered appellant to serve a definite term of incarceration of ten years for the rape conviction. The trial court also sentenced appellant to eight years in prison for each count of attempted rape. All three sentences represented the maximum term allowed under the sentencing guidelines.
Appellant appealed, arguing that the trial court erred when sentencing him because the court failed to adhere to statutory requirements governing the imposition of the maximum prison term for a felony conviction. Specifically, appellant maintained that the trial court failed to indicate why it had decided to deviate from the statutorily mandated minimum sentence, and that the trial court failed to follow the requirements set forth in R.C. 2929.14(C) for imposing the maximum sentence.
After looking at the record, this court held that the judgment of the trial court should be reversed because the court did not specify either of the reasons listed in R.C. 2929.14(B) to support its deviation from the minimum sentences. Furthermore, in light of our conclusion that the trial court had failed to comply with R.C. 2929.14(B), we determined that appellant's argument concerning the issue of maximum sentences was moot. Nevertheless, we instructed the trial court on remand to "comply with the dictates of both R.C. 2929.14(B) and (C) when resentencing appellant."
The trial court conducted a new sentencing hearing on October 23, 2000. At that time, the trial court again sentenced appellant to the maximum allowable prison term for all three charges. In support of its sentence, the court found that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public from future crimes committed by appellant. Also, the trial court concluded that appellant had committed the worst form of the offense.
From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that when sentencing him to the maximum terms of imprisonment, the trial court failed to make the statutorily mandated findings under R.C. 2929.14(C).
Before proceeding to the merits of this appeal, we note that the state argues this court does not have jurisdiction to review appellant's assignment of error because he does not meet the statutory requirements for taking an appeal as of right from the maximum prison term imposed upon him. This is simply not true. R.C. 2953.08(A)(4) provides that a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant if the sentence is contrary to law. Thus, even though appellant may not meet the requirements found in R.C. 2953.08(A)(1) specifically dealing with maximum sentences, he is still entitled to an appeal as of right under R.C. 2953.08(A)(4).
In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4, quoting State v. Rose (Sept. 15, 1997), 12th Dist. No. CA96-11-106, 1997 Ohio App. LEXIS 4161, at 5. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Thomas at 4.
In State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, the Supreme Court of Ohio addressed the statutory requirements for imposing a maximum sentence. In construing R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), the Court determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Edmonson at 329.
The Supreme Court also noted that when imposing a maximum sentence based on one of the four criteria found in R.C. 2929.14(C), R.C.2929.19(B)(2)(d) "* * * requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" (Emphasis omitted.) Id. at 328, quoting R.C.2929.19(B)(2)(d).
As a result, this court has held that according to the new sentencing guidelines, the findings mandated by R.C. 2929.14(C) must appear somewhere on the record, whether it be the judgment entry, the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 WL 816641, at 2. A sentence which merely recites the language of R.C.2929.14(C) without any consideration of the statutorily relevant factors is insufficient. State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 2. For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. Id.
Here, the record shows that the trial court made the required findings both during the sentencing hearing and in its sentencing entry. For example, at the second sentencing hearing, the trial court made the following remarks: "Again, in reviewing the record and my recollection of this case, the Court still concluded that this offense that you committed with these children is the worst form of the offense and therefore the maximum sentence is appropriate under the situation." The trial court then reiterated its findings in the sentencing entry when it stated that "[t]he Court still concludes this to be the worst form of the offense."
As the preceding passages show, there is no question that the trial court made the findings required by R.C 2929.14(C). However, our inquiry does not end there. Rather, this court must now determine whether the trial court adhered to R.C. 2929.19(B)(2)(d) when imposing the maximum sentence. That is, we must review the record to see if the trial court put its reasons on the record for ordering appellant to serve the maximum sentences.
Having carefully done so, we conclude that after making the necessary findings, the trial court failed to include its reasons for imposing the maximum sentences. During the first sentencing hearing, the trial court stated the following: "To me there is no more serious offense than what you committed. I don't care what it is. It's intentional. You can tell me you didn't know what you were doing, but you're an adult and these are children. You knew that much. You didn't have to learn that from a psychologist. It's the worst form of the offense and if it had not been plea bargained I would impose the maximum, make them all consecutive to each other. That's my feeling."
These comments may arguably indicate that the trial court considered appellant to have committed the worst form of the respective offenses. However, as was the case in Edmonson, "[w]ith this record, we cannot confirm that the trial court heeded the enacted policy of the General Assembly meant for curtailing the imposition of maximum terms." Edmonson
at 329. Simply saying that the crimes were serious and that appellant's conduct was intentional is not enough to support the imposition of the maximum sentences as those remarks do not provide this court with a factual predicate to review the trial court's decision. The factors of child victims and intentional behavior are inherent elements of the charge pled to. Hence, they are not the underlying facts required byEdmondson.
Because the trial court failed to properly put forth its reasons for the given sentence as required under R.C. 2929.19(B)(2)(d), appellant's sole assignment of error is well-taken. Moreover, while we absolutely appreciate the sentiments of the trial court, this court, as well as the trial court, is obligated to follow the statutory mandates provided by the General Assembly and their interpretation by the Supreme Court of Ohio in Edmonson. The judgment of the trial court, therefore, is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.